# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL  No. 6:96cr45(11) |
| ULYSES ROBERTS | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 31, 2006, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Ulyses Roberts ("Roberts"). The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and the Defendant was represented by court appointed counsel, Greg Waldron.

Defendant originally pled guilty to possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), a class C felony.  On February 21, 1997, U.S. District John Hannah, Jr. sentenced the Defendant to 35 months of imprisonment followed by 3 years supervised release.  Roberts commenced his term of supervised release on November 20, 2004, and the government filed this petition to revoke that term of supervised release on January 5, 2005.

The government alleges that the Defendant tested positive for marijuana on December 15, 2004, failed to provide verifiable employment, and was indicted for tampering with evidence in state court.  As a result of these violations of Defendant's terms of supervised release, the government has brought a petition to revoke Defendant's supervised release in favor of a term of imprisonment.

As Defendant was originally convicted of a Class C felony, if the court finds by a preponderance of the evidence that the Defendant committed any of these violations, the Court may impose a term of imprisonment no longer than 2 years. 18 U.S.C. § 3583(e). U.S.S.G. § 7B1.1(a)(3) provides that if Roberts committed the state crime of tampering with evidence, he is guilty of a Grade B violation and would be subject to a guideline range of 18 to 24 months. U.S.S.G. § 7B1.4(a). However, failing to provide verifiable employment and testing positive for marijuana both constitute Grade C violations subjecting Defendant to a guideline range of 7-13 months. If the Court finds that Defendant committed more than one of these violations, any terms of imprisonment imposed under the guidelines would be served concurrently.

Faced with the government's evidence, Defendant pled True to both Grade C violations, and in exchange, the government agreed not to pursue the allegation that Defendant violated his supervised release by committing the state law crime of tampering with evidence. The guideline range for these violations is 7-13 months, but the parties submitted an agreed recommendation to the Court that no further sentence should be imposed and Defendant's term of supervised release should be terminated. The government elected not to pursue any punishment related to these violations because Defendant has spent the past 12 months in state custody (January 15, 2005 to January 30, 2006), and that time may be properly accepted as punishment for the present violations. The Defendant had no objection to the government's recommendation.

The Court finds that the Defendant's plea was made freely and voluntarily and that the Defendant is competent to enter this plea. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant, Ulyses Roberts, serve no term of imprisonment in the Bureau of Prisons for these violations. Further, the Court recommends that Defendant's term of supervised

release be terminated immediately.

**So ORDERED and SIGNED this 1st day of February, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE